| **JUDGMENT OF DISMISSAL** | DOCKET NUMBER<br>**200462SC001888** | **Trial Court of Massachusetts**<br>**District Court Department**<br>**Small Claims Session** |
|---|---|---|

CASE NAME   DAN MEDINA  vs.  JOHN P. CONNOR, SR.

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**P01 DAN MEDINA** | CURRENT COURT<br>**Worcester District Court**<br>**50 Harvard Street**<br>**Worcester, MA 01608-1198**<br>**(508) 757-8350** |
|---|---|

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**D01 JOHN P. CONNOR, SR.** | | ←←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR |
|---|---|---|
| | ROOM/SESSION | ←←←←← |

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
**D01 JOHN P. CONNOR, SR.**
   **2 MAIN STREET**
   **WORCESTER, MA 01608**

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

## JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon motion for dismissal. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

| JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|

## Commonwealth of Massachusetts
## The Trial Court
## District Court Department
## Worcester Division
## 50 Harvard Street, Worcester, MA 01608
## (508) 757-8350

June 14, 2004

# Finding and Order
# 0462SC1888
# Dan Medina v. John P. Connor, Sr. & Honeywells, Inc.

The above captioned action was filed in the Worcester District Court on April 15, 2004 by the plaintiff against John P. Connor, Sr., a justice of the Superior Court Department, and Honeywells, Inc. a corporation located in Southborough.

A motion to dismiss was filed on behalf of defendant John P. Connor, Sr. asking that the complaint be dismissed. Although the complaint could be dismissed on several grounds, I am ordering to be dismissed for lack of subject matter jurisdiction. The District Court, and the Small Claims Session in particular, do not have subject matter jurisdiction over claims brought against the Commonwealth or its agents under G.L. chapter 258 (the Tort Claims Act).

I order that the claim against defendant John P. Connor, Sr. be dismissed. The complaint as to defendant Honeywells, Inc. will proceed, but will not be scheduled for trial until the plaintiff is released from custody in Maine and either returned to custody in Massachusetts or released outright.

Michael D. Prosser, Magistrate

| JUDGMENT OF DISMISSAL | DOCKET NUMBER<br>200462SC001889 | Trial Court of Massachusetts<br>District Court Department<br>Small Claims Session  |
|---|---|---|

CASE NAME   DAN MEDINA  vs.  JOHN P. CONNOR, SR.

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>P01 DAN MEDINA | CURRENT COURT<br>Worcester District Court<br>50 Harvard Street<br>Worcester, MA 01608-1198<br>(508) 757-8350 | |
|---|---|---|
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>002 KATHLEEN M. DENNEHY<br>001 JOHN P. CONNOR, SR. | | ←←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR |
| | ROOM/SESSION | ←←←←← |
| PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>01 JOHN P. CONNOR, SR.<br>2 MAIN STREET<br>WORCESTER, MA 01608 | | |
| ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED | | |

## JUDGMENT OF DISMISSAL

In the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon motion for dismissal. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
## 0462SC~~1868~~ 1889
## Dan Medina v. John P. Connor, Sr. & Kathleen M. Dennehy, as she is Commissioner of D.O.C.

The above captioned action was filed in the Worcester District Court on April 15, 2004 by the plaintiff against John P. Connor, Sr., a justice of the Superior Court Department, and Kathleen M. Dennehy, the Commissioner of the Department of Correction.

A motion to dismiss was filed on behalf of defendant John P. Connor, Sr. asking that the complaint be dismissed. Although the complaint could be dismissed on several grounds, I am ordering to be dismissed for lack of subject matter jurisdiction. The District Court, and the Small Claims Session in particular, do not have subject matter jurisdiction over claims brought against the Commonwealth or its agents under G.L. chapter 258 (the Tort Claims Act).

As the defendant Kathleen M. Dennehy is also an official of the Commonwealth any claim against her in her capacity as the Commissioner of the Department of Correction is also subject to the requirements of G.L. chapter 258 and must also be dismissed for lack of subject matter jurisdiction.

I order that the claim against both defendants be dismissed.

Michael D. Prosser, Magistrate

**STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL**

DOCKET NO. 05-SC-0122

Trial Court of Massachusetts
Small Claims Session

☐ BOSTON MUNICIPAL COURT

☑ DISTRICT COURT  Springfield  Division

☐ HOUSING COURT  Division

PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE
DAN MEDINA
P.O. BOX 100,
S. WALPOLE MA 02571

PHONE NO:

PLAINTIFF'S ATTORNEY (if any)
Name:
Address:

PHONE NO:                    BBO NO:

DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE
LAURA R GENTILE
50 STATE ST P.O BOX 559
SPRINGFIELD 01102

PHONE NO:

ADDITIONAL DEFENDANT (if any)
Name: KTVFLC
Address: 1 MADISON STREET
EAST RUTHERFORD NJ 07073

PHONE NO:

**PLAINTIFF'S CLAIM.** The defendant owes $1800.00 plus $_____ court costs for the following reasons: Give the date of the event that is the basis of your claim.

DEFENDANT FAILURE TO THEIR WARANTTY AND TO HABLOID, REPAIRD OR REINBURSE AGAINST PLAINTIFF CAUSED A MONETORY LOSS, COST, EXPENSES, AND AMOUNTHS OF TIME, THE PLAINTIFF REQUEST FOR A NEIK GUIMOT AND FOR A JURY TRIAL FOR THIS CASE.

SIGNATURE OF PLAINTIFF  X _____  DATE 3/7/05

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☑ The plaintiff is willing to attempt to settle this claim through court mediation.

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:

☑ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

X _____  3/7/05
SIGNATURE OF PLAINTIFF    DATE

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT
TRIAL COURT OF THE COMMONWEALTH
Housing Court Department - Western Division
Post Office Box 559 - 37 Elm Street
Springfield, Massachusetts 01102-0559

DATE AND TIME OF TRIAL
5-25-05  AT  10:00 AM
DATE         TIME

ROOM NO.

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

COURT USE ONLY

FIRST JUSTICE  William Abrashkin

CLERK-MAGISTRATE OR DESIGNEE  Robert G. Fields

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on

DC-SC-1 (01/02)    ATENCION: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**

**HOUSING COURT**
**(Small Claims Session)**
**C.A. Nos.05-SC-0122; 120; 121; 123; 132;**
**133; 134; 135**

DAN MEDINA,

                      Plaintiff,

           v.

LAURA GENTILE, Assistant Clerk of the
Hampden Superior Court, and KTV, INC.

                   Defendants.

A TRUE COPY
IN WITNESS WHEREOF, I hereunto set
my hand, and have caused the seal of
the Housing Court for the County of
Hampden to be affixed on 6/1/05

### DEFENDANT'S RENEWED[1] MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Mass. R. Civ. P. 12(b)(1), 12(b)(6), and the Commonwealth's Tort Claims

Act, G.L. c. 258, §§ 3 and 4, defendant, Laura Gentile, as she is Assistant Clerk of the Hampden

Superior Court ("Ms. Gentile" or "state defendant") hereby moves to dismiss the Complaint

recently filed against her by plaintiff Dan Medina ("Mr. Medina"). As grounds for her motion,

Ms. Gentile states that (1) the action is barred by the doctrine of judicial immunity; (2) the Court

lacks jurisdiction; and (3) Mr. Medina has failed to state a claim upon which he could be granted

relief.

---

[1]After filing Defendant's Motion to Dismiss Plaintiff's Complaint on April 27, 2005, it was brought to the attention of defendant that Mr. Medina has filed seven additional complaints reflecting frivolity like his previous complaint. This Renewed Motion to Dismiss enlarges the defendants plea to effect dismissal of all eight complaints of Mr. Medina, namely C.A. Nos.05-SC-0122; 120; 121; 123; 132; 133; 134; 135.

## BACKGROUND

Mr. Medina, who has not previously filed a presentment notice[2] of negligence by the Commonwealth and/or its employees, filed eight incomprehensible small claims[3] action in the Housing Court (wrong Small Claims Court) against Ms. Gentile, without indicating with clarity and specificity what, if any, wrong Ms. Gentile has done to him. To the extent the suits are treated as having been brought against the state defendant in her official capacity, they should be dismissed on the basis of judicial immunity (which covers both justices and clerks); lack of jurisdiction; and failure to state a claim upon which relief could be granted. See Mass. R. Civ. P. 12(b)(1), 12(b)(6), and G.L. c. 258, §§ 3 & 4. To the extent that the actions are treated as having been brought against the state defendant in her personal capacity, they should be dismissed because Mr. Medina has alleged no wrongdoing by the defendant.

To the extent the Complaints could be read and understood, Mr. Medina, without any substantiation of any wrong that Ms. Gentile did against him, stated in one complaint – a sample representative of the rest-- as follows:

"Defendant failure to their warranty and to replaid, repaired or reimburse apainst plaintiff

---

[2]See attached Affidavit from Ann Archer, Administrative Attorney for the Administrative Office of the Trial Court. Exhibit A.

[3]Prior to these actions, Mr. Medina had filed numerous other incomprehensible and conclusory actions, reflecting frivolous attributes similar to those adumbrated in the present action. Due to their unintelligibility and frivolous natures, several of these actions have been dismissed instantly. Indeed, due to their attributes, several justices have instructed Mr. Medina to abstain from filing any similar actions except with the approval of the Regional Administrative Justice (see Order Concerning Complaints Filed by Daniel Medina, Middlesex Superior Court, CA No. 97-1826, April 22, 1997, Botsford, J.,) (copy is attached); Order of the Court, Norfolk, SS Unfiled cases, Crastley L, May 1, 2002 (copy is attached) (Exhibit B).

caused a monetary loss, cost, expenses, and a months of time, the plaintiff request for

reimbursement and for jury tialt in this case." See Small Claims # No.05-SC-0122. Exhibit C.

## ARGUMENT

## I.   THE DEFENDANT IS ABSOLUTELY IMMUNE FROM CLAIMS ARISING OUT OF THE PERFORMANCE OF HER OFFICIAL DUTIES.

Mr. Medina filed his actions in the Small Claims Court against Ms. Gentile. See

Complaint Nos. No.05-SC-0122. To the extent Mr. Medina may contend that the actions are

brought against the state defendant in her capacity as the Assistant Clerk-Magistrate of Hampden

Superior Court, the actions are barred by the Doctrine of Judicial immunity. It is axiomatic that

any judicial officer, including officers clerks, acting within the scope of their duties, are

absolutely immune from such litigation. See Temple v. Marlborough Div. of the District Court,

395 Mass. 117, 129-32 (1985) ("doctrine insulates the judge from liability for acts committed in

the exercise of his jurisdiction"), citing Pierson v. Ray, 386 U.S. 549, 553-54 (1967); Stump v.

Sparkman, 435 U.S. 349, 357 (1978), other citations omitted. The immunity is from suit and not

just from ultimate assessment of damages. Fabre v. Walton, 436 Mass. 517, 521 (2002) ([t]he

"entitlement is an immunity from suit rather than a mere defense to liability; and . . . it is

effectively lost if a case is permitted to go to trial") (emphasis added), citing Mitchell v. Forsyth,

472 U.S. 511, 526 (1985). "The right to immunity to suit would be lost forever" if litigation

proceeds until its conclusion. Braun v. Dartmouth, 428 Mass. 684, 688 (1999). The immunity is

vitiated only where the judge or judicial officer acts in a non-judicial context, or in a clear

absence of authority. Mirales v. Waco, 502 U.S. 9, 11 (1991); Pierson, 386 U.S. at 554

("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.")

3

Here, Mr. Medina's abstract assertions have failed to plead that the state defendant acted in an unofficial capacity. See Cok v. Sosentino, 876 F.2d 1 (1st Cir.1989). Accordingly, to the extent his complaints may be treated as against the state defendant as an Assistant Clerk, they are barred by the Doctrine of Judicial Immunity and must, therefore, be dismissed.

## II.   THE COURT SHOULD DISMISS PLAINTIFF'S ACTIONS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

Under G.L. c. 258, the Commonwealth's Tort Claims Act, individual public employees are not liable "for any injury or loss of property . . . caused by [their] negligent or wrongful act or omission while acting within the scope of [their] office or employment." G.L. c. 258, § 2. The exclusive remedy for such a loss or injury is a suit against the relevant "public employer" not the individual public employee. Id. See also Breault v. Chairman of Bd. of Fire Comm'rs, 513 N.E. 2d. 1277, 1283 (1987) (The MTCA "absolved public employees from liability for their negligent acts performed within the scope of official duties"), cert denied, 485 U.S. 906 (1988).

### A.   This Court Lacks Subject Matter Jurisdiction.

Pursuant to Mass. R. Civ. P. 12(b)(1) and G.L. c. 258, the Court should dismiss the actions on at least two jurisdictional grounds: (1) Mr. Medina has failed to effect presentment as required by G.L. c. 258, §§ 4 & 5, and (2) he brought his actions in the wrong court.

#### 1.   Mr. Medina Has Failed to Meet The Presentment Requirement.

Section 4 of G.L. c. 258 provides that "a civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer." See Kinan v. Trial Court, 400 Mass. 582 (1987) (presentment of claims against clerk of District Court under c.

4

258, § 4, is properly made to the Chief Justice for Administration and Management of the Trial

Court). The purpose of this requirement is to ensure that the responsible public official receives

notice of the claim so that s/he can investigate to determine whether or not the claim has any

basis, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously,

and take steps to avoid similar claims in the future. See Yun Ku v. Town of Framingham, 53

Mass. App. Ct. 727 (2002); Martin v. Commonwealth, 53 Mass. App. Ct. 526 (2002); McAllister

v. Boston Housing Authority, 429 Mass. 300 (1999); Tivnan v. R.M.V., 50 Mass. App. Ct. 96

(2000).

The presentment requirement is a condition precedent to filing an action, and the statutory

prescriptions for it must be rigidly met. Krasnow v. Allen, 29 Mass. App. Ct. 562 (1990)

(presentment requirement under the Tort Claims Act is a condition precedent to bringing a suit),

rev. denied, 409 Mass. 1102. Antonio v. City of Peabody, 51 Mass. App. Ct. 655 (2001)

(presentment of negligence claim upon director of city's council on aging, a public agency of the

city, did not suffice as presentment upon the city; director was without authority to compromise

or settle claims on behalf of the city); Richardson v. Dailey, 424 Mass. 258 (1997) (letter to city

clerk's office relating to pretrial detainee's suicide in holding cell did not satisfy the presentment

requirement of the Tort Claims Act where letter discussed only actions of the Commonwealth

employees in failing to prevent suicide and did not mention any claim against city); G & B

Associates, Inc. v. City of Springfield, 39 Mass. App. Ct. 51 (1995) (in actions brought under the

Tort Claims Act, if claimant fails to make proper presentment of his or her claim prior to

bringing action, complaint is subject to dismissal for failure to state a claim upon which relief

can be granted). Thus, even constructive presentment is insufficient. Berube v. City of

5

Northampton, 413 Mass. 635 (1992) (presentment requirement of Tort Claims Act may not be satisfied by constructive notice; actual presentment to designated executive officer is required); Robinson v. Commonwealth, 32 Mass. App. Ct. 6 (1992) (constructive notice is not sufficient to meet presentment requirement for claim under Massachusetts Tort Claims Act), rev. denied, 412 Mass. 1101; Baptiste v. Sheriff of Bristol County, 35 Mass. App. Ct. 119 (1993) (failure of administratrix of prisoner's estate asserting civil rights claim against sheriff to properly present her negligence claims to the county precluded recovery, even though presentment letter directed to sheriff was relayed to sheriff's department attorney, who allegedly also represented county commissioners); Pickett v. Commonwealth, 33 Mass. App. Ct. 645 (1992) (even if inmate's federal complaint sets forth claim of negligence against state agencies, it was insufficient for presentment under the Massachusetts Tort Claims Act; language of the Act, in requiring presentment of claim in writing, did not envision filing of complaint but rather it invited written notice of claim, which government may investigate and decide to acknowledge before commencement of legal combat), rev. denied. 414 Mass. 1103. Accordingly, an action filed in the Court would be dismissed even if no prejudice is caused by the failure to effect proper presentment. Robinson, 32 Mass. App. Ct. 6 (1992) (it is irrelevant that the defendant may not have suffered any prejudice by reason of lack of actual notice), rev. den. 412 Mass. 1101.

Here, Mr. Medina has failed to make any presentments regarding his actions. Specifically, the designated authority, the Chief Justice for Administration and Management of the Trial Court, has not received any presentment regarding any of Mr. Medina's actions against the State defendant. ( See Affidavit of Ann Archer). This clearly is fatal to his actions because it runs counter to the basic rationale and tenets of the statute, viz., the need to afford the designated

6

authority the opportunity to investigate claims to ensure that they are neither invalid nor inflated. Accordingly, Mr. Medina's premature action should be dismissed on this jurisdictional ground too.

### 2.    Mr. Medina Has Failed to Bring His Actions In the Right Court.

This Court lacks jurisdiction over small claims actions against the Commonwealth and its officials and must accordingly dismiss the actions on that ground as well. Specifically, only the Superior Court is authorized to hear and determine claims under the Tort Claims Act. See G.L. c. 258, § 3; Erickson v. Manca, 1992 Mass. App. Div. 199 (District Court Department lacks subject matter jurisdiction over civil actions brought against public employer; all small claims against city and its employees acting in the course of their employment must be brought to the Superior Court); James v. Boston Housing Authority, 1988 Mass. App. Div. 30 (District Court lacks requisite subject matter jurisdiction to entertain and resolve a Massachusetts Tort Claims Act case); Alexander v. City of Boston, 1993 Mass. App. Div. 117 (Appellate Division of Municipal Court lacked subject matter jurisdiction over tort action brought against public employer); Spencer v. City of Worcester, 1984 Mass. App. Div. 116, 117-118; Keel v. Cambridge Housing Auth. 1987 Mass. App. Div. 171, 172.

It is settled that when one court is accorded exclusive original jurisdiction over an action, no other court may exercise "any power or authority to hear" such action. Humphrey v. Berkshire Woollen Company, 92 Mass. 420, 421 (1865); Nolan, Massachusetts Practice Series, Civil Practice, Vol. 9, § 106 at p. 149 (1992 2nd ed.) (stating that if a court "has not been given original jurisdiction over a particular type of proceeding," that court lacks the "power or authority to decide the case, and any decision rendered is void.") Here, Mr. Medina filed his Complaints in

7

the Housing Court, a Court which lacks jurisdiction over non-housing matters. Thus, the Complaint should be dismissed for this reason also.

        B.    Mr. Medina Has Failed to State A Claim

Even if Mr. Medina's action were treated as an action brought against the state defendant in her personal capacity, it should still fail. Not only is the complaint insufficient for any purpose, but, in addition to its lack of clarity and specificity, it totally fails to allege any wrongdoing on the part of the defendant. See Mass. R. Civ. P. 12(b)(6). Cf.Eyal v. Helen Broadcasting Corp. 411. Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle him to relief," Nader v. Citron, 372 Mass. 96, 98 (1977). Seealso Epstein v. Seigel, 396 Mass. 278, 279 (1985). (We look exclusively at the . . . complaint to determine whether it states "a claim upon which relief can be granted." Mass. R. Civ. P. 12(b)(6). . . . A motion to dismiss under Rule 12(b)(6) is an appropriate vehicle for raising such a defense).Cf. Gloros v. Perse, 628 F. 2d 679, 684 (1st Cir. 1980) (although pro-se complaints are read liberally, even pro se plaintiffs must plead specific facts to back their claims). Mr. Medina has totally failed to allege any intelligible claim, let alone any wrongdoing by the state defendant. Accordingly, his Complaints fails for this reason too. Cf.Lolos v. Berlin, 338 Mass. 10, 14 (1958) ("the right of a party to have the court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority).

8

## **CONCLUSION**

For any and all of the foregoing reasons, the Court should dismiss Mr. Medina's action.

Respectfully submitted,

LAURA GENTILE,
Assistant Clerk of the Hampden Superior Court

By her attorney,

Date: May 3, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney
Administrative Office of the Trial Court
Two Center Plaza, Room 540
Boston, MA 02108

(617) 878-0207

9

*J C C s copy*

*Exhibit B*

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                        UNFILED CASES

### DANIEL MEDINA

#### vs.

**MICHAEL MAHONEY, Commissioner of Department of Corrections,
SUSAN MOITZO, MARNIE HAIRAPETIAN, K.T.V. INC.,
LORI MALAKOFF, DURACRAFT CORPORATION
HONEYWELL CORP., ATTORNEY WAYNE MURPHY,
ATTORNEY TIMOTHY FLAHERTY, PETER E. ALLEN,
CAPTAIN FURTADO, and ABBY NELLIGAN**

### <u>ORDER OF THE COURT</u>

Following the reasoning of Judges Botsford (Middlesex County) and Hinkle (Suffolk County), I have reviewed all eleven of this pro-se plaintiff's recent complaints (dated 3/24/02, three on 3/28/02, three on 3/29/02, two on 4/11/02, and two on 4/17/02) I find, as did Judges Botsford and Hinkle, that each complaint contains conclusory and unintelligible allegations and accusations, often using inappropriate and repetitive language. While Medina certainly has a right to file complaints which allege facts and causes of action that may properly be addressed in a civil action, he does not have a right overburden the courts, the attorneys, and the government agencies and officials who will be called upon to respond by filing complaints filled with conclusory, repetitive allegations and improper language.

Therefore, I conclude that this pro se petitioner is a vexatious litigant who has

abused his right to petition this Court for redress of grievances by filing repetitious, frivolous, unintelligible, and unnecessary civil actions without justification.

For all of these reasons, while this petitioner does appear to be indigent, I exercise my administrative discretion to prohibit the filing of those eleven lawsuits.


John C. Cratsley
Justice of the Superior Court

**DATED:** May 1, 2002

JUL-22-'98 WED 08:46  ID:A!  Y GENERAL CRIM    TEL NO:517-727-5755        E567 P04

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV98-01447              As of 07/13/98

Medina v McDonough, County Comr        Page 2

* * * DOCKET * * *

---

DATE    PAPER ENTRY

---

        Administrative Justice, Civil for review (2) If the Regional
        Administrative Justice approves the proposed complaint for
        filing, the same shall be entered in the Clerk's Office, and the
        case will be assigned to a regular civil session in Suffolk
        County - If the Regional Administrative Justice declines to
        approve the proposed complaint for filing, the same shall not be
        filed but shall be returned to Mr. Medina (Hinkle, Justice).
05/29/98  7.0 Memorandum of decision and order (Hinkle, J.) Notice sent
        6/01/98
06/02/98  8.0 JUDGMENT OF MOTION TO DISMISS (PURSUANT TO MASS R CIV P
12(b)
        The complaint of plff is dismissed and deft recover costs
        entered on docket pursuant to Mass R Civ P 58(a) and notice sent
        to parties pursuant to Mass R Civ P 77(d) (Hinkle, J.)

* * * CALENDAR * * *

---

DATE    COURT EVENT        EVENT STATUS        SES SCH DATE

---

05/22/98 HRNG: Rule12 motion     Held        B  05/22/98
        hearing on motion to dismiss and show cause hearing

fee, & service fee

| | |
|---|---|
| 03/18/98 | Origin 1, Type E17, Track A. |
| 03/18/98 | 2.0 Complaint |
| 03/18/98 | 3.0 Civil action cover sheet re: complaint |
| 05/08/98 | 4.0 Motion of deft to Dismiss (w/o opposition) |
| 05/08/98 | 5.0 Request of deft for change of Venue |
| 05/14/98 | Writ of Habeas Corpus to issue rctble Fri May 22,1998 Km 243 re:Mo to dismiss (Hinkle,J) Writ issued (See P#4) Notice sent 5/15/98 |
| 05/29/98 | 6.0 ORDER entered after show cause hearing - it is ORDERED that: (1) Daniel Medina is enjoined from filing, submitting for filing, or seeking to file any new civil action in Suffolk County without first submitting the proposed complaint to the Regional |

Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 97-1876

### DANIEL MEDINA

vs.

### HERBERT P. WILKINS,
### CHIEF JUSTICE OF THE SUPREME JUDICIAL COURT

### ORDER CONCERNING COMPLAINTS FILED BY DANIEL MEDINA

The plaintiff Daniel Medina filed this action on April 10, 1997. From January 1, 1997 to date, Medina has filed a total of twenty-three separate complaints. Each of them is brought against various public officials in Federal, State and local government agencies as well as the State Supreme Judicial Court, alleging, inter alia, violation of several constitutional rights.

Medina is an inmate at the Massachusetts Correctional Institution at Cedar Junction, apparently serving a sentence imposed after his 1994 conviction in the Superior Court in Norfolk County after a trial on one or more indictments. A review of the complaints filed by Medina indicates that many of them complain about issues and matters which must be raised first in the context of any appeal or motion for new trial he may be bringing in connection with the criminal conviction(s). Other complaints contain conclusory allegations and accusations against a variety of governmental officials, sometimes cast in highly inappropriate language. Furthermore, in none of these complaints is there any indication of why Middlesex County is a proper venue for the action, given that Medina is currently residing in Norfolk County and the officials he has named as defendants do not have offices in Middlesex County. While Medina certainly has a right to file complaints which allege facts and causes of action that may properly be addressed in

1



*Exhibit B*

MAY  1'97 09:49 FR MIDDLEX- SUPER COURT  17 491 1760 TO 7275753          P.03       Exhibit B

a civil action, he does not have a right to overburden the courts and the government agencies and

officials who will be called upon to respond by filing complaints filled with conclusory.

repetitive allegations and improper language

  In light of the pattern of excessive filing that has been established here, it is ORDERED

as follows:

       1.  Daniel Medina is enjoined from filing, submitting for filing, or seeking to file

  any new civil action in Middlesex County without first submitting the proposed

  complaint to the Regional Administrative Justice, Civil, for review.

       2.  If the Regional Administrative Justice approves for filing the proposed

  complaint, the same shall be entered in the Clerk's Office, and the case will be assigned

  to a regular civil session in Middlesex County.  If the Regional Administrative Justice

  declines to approve the proposed complaint for filing, the same shall not be filed but shall

  be returned to Medina.


                          Margot Botsford
                          Regional Administrative Justice, Civil

Dated: April 22, 1997

                                        2

...MENT OF SMALL CLAIM
AND NOTICE OF TRIAL

☐ BOSTON MUNICIPAL COURT
☑ DISTRICT COURT    _Springfield_ Division
☐ HOUSING COURT    _____ Division

Docket No. **05-SC-0122**

...al Court of Massachusetts
...all Claims Session

**PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE**
DAN MEDINA
P.O. BOX 100,
S. WALPOLE MA 02571

PHONE NO:

**PLAINTIFF'S ATTORNEY (if any)**
Name:
Address:
PHONE NO:
BBO NO:

**DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE**
LAURA R. GENTILE
50 STATE ST. P.O. BOX 559
SPRINGFIELD 01102

PHONE NO:

**ADDITIONAL DEFENDANT (if any)**
Name: KT-V LLC
Address: 1 MADISON STREET
EAST RUTHERFORD NJ
07073
PHONE NO:

**PLAINTIFF'S CLAIM.** The defendant owes $1800 plus $_____ court costs for the following reasons: Give the date of the event that is the basis of your claim.

Defendant failure to their warranty and to neglect, repair or reimburse against plaintiff caused in monetary loss, cost, expenses, and amounts of time. The plaintiff request for a neith-bunnot and for a jury trial for this case.

SIGNATURE OF PLAINTIFF X _____    DATE 3/7/05

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☑ The plaintiff is willing to attempt to settle this claim through court mediation.

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:
☑ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.
☐ above defendant(s) is (are) serving in the military

X _____    3/7/05
SIGNATURE OF PLAINTIFF    DATE

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

**NAME AND ADDRESS OF COURT**
TRIAL COURT OF THE COMMONWEALTH
Housing Court Department - Western Division
Post Office Box 559 - 37 Elm Street
Springfield, Massachusetts 01102-0559

DATE AND TIME OF TRIAL
5-25-05 AT 10:01AM.
DATE    TIME

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

◄ COURT USE ONLY ►

FIRST JUSTICE    William Abrashkin
CLERK-MAGISTRATE OR DESIGNEE    Robert G. Fields
ROOM NO.

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on re...

DC-SC-1 (01/02)    ATENCION: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8575
Fax: (617) 742-0968

May 3, 2005

Housing Court Department–Western Division
Att: the Clerk
37 Elm Street
Springfield, MA.01102

**RE:** **Dan Medina v. Laura Gentile, Hampden Housing Court, Small Claims Session, Docket #s. 05-SC-0122, C.A. Nos.05-SC-0122; 120; 121; 123; 132; 133; 134; 135.**

Dear Sir/Madam:

Enclosed for filing and docketing please find, along with an affidavit, Defendant's Renewed Motion to Dismiss.

Thanks for your assistance in this matter.

Very truly yours,

Christopher O. Quaye
Administrative Attorney
(617) 878-0207

cc:

Dan Medina, pro se
807 Cushing Road
Warren, ME 04864

Dan Medina
P. O. Box 100
South Walpole, MA. 02071

Laura Gentile, Assistant Clerk
Hampden Superior Court
Hall of Justice
50 State Street,
Springfield, MA 01102

## CERTIFICATE OF SERVICE

I, Christopher O. Quaye, Administrative Attorney at the Administrative Office of the Trial

Court, hereby certify that I have on this day, May 3, 2005, served the within State Defendant's

Renewed Motion to Dismiss Complaint upon plaintiff by causing a copies to be mailed first

class, postage prepaid to:

Dan Medina
P. O. Box 100
South Walpole, MA. 022071

Dan Medina
807 Cushing Road
Warren, MA 04864

Date: May 3, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney

Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**

### HOUSING COURT
### (Small Claims Session)
### C.A. Nos.05-SC-0122; 120; 121; 123; 132; 133; 134; 135

DAN MEDINA,

                    Plaintiff,

            v.

LAURA GENTILE, Assistant Clerk of the
Hampden Superior Court, and KTV, INC.

                    Defendants.

## AFFIDAVIT OF ANN ARCHER

I, Ann Archer, hereby depose and say that:

1.    I am an Administrative Attorney of the Legal Department of the Administrative Office of the Trial Court and keeper of the records of claims against the Trial Court made pursuant to G.L. c. 258;

2.    The Chief Justice for Administration and Management is statutorily authorized by G.L. C. 258 to receive presentment of tort claims against the Trial Court;

B.    It is standard procedure in the Administrative Office of the Trial Court that presentment letters for claims against the Trial Court pursuant to G.L. c. 258 are forwarded to my attention;

C.    I have caused a search to be made of the files of this office and, to the best of my knowledge, no written presentment of the claims, which are the subject of the above-entitled actions, has been received by this office.

Signed under the pains and penalties of perjury on the __3__ day of May, 2005.

                    Ann Archer
                    Administrative Attorney
                    Administrative Office of the Trial Court
                    2 Center Plaza, Room 540
                    Boston, MA. 02108
                    (617) 878 0220

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only. | DOCKET NO. ↗ 05 SC 0133 | Trial Court of Massachusetts Small Claims Session |
|---|---|---|---|

| PART 1 | ☐ BOSTON MUNICIPAL COURT | ☒ DISTRICT COURT _Springfield_ Division | ☒ HOUSING COURT Western Division |
|---|---|---|---|

**PART 2**
PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE
DAN MEDINA
P.O. BOX 100
S. WALPOLE MA 02071

PLAINTIFF'S ATTORNEY (if any)
Name: _____
Address: _____

PHONE NO:

**PART 3**
DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE
LAURA S. GENTILE
50 STATE ST.
SPRINGFIELD 01102

PHONE NO:

ADDITIONAL DEFENDANT (if any)
Name: ROBERT S. MUELLER III
Address: 935 PENNSYLVANIA AVE
N.W. WASHINGTON D.C. 20535
PHONE NO. (202) 324-3000

BBO NO:

**PART 4**
PLAINTIFF'S CLAIM. The defendant owes $ 2000 plus $_____ court costs for the following reasons:
Give the date of the event that is the basis of your claim.

DEFENDANTS IS RESPOSIBLE FOR FAIRNESS AND JUSTICE
THE BOSTON F.B.I IS BEEN THE GREAT BABYLON" THE
MOTHER OF ALL PROSTITUTES AND THE ABOMINATION OF
MASS. & WHO SLEEPING IN BED FOR 23 YEARS (WITH) THE
NEW ENGLAND ORGANIZED CRIME AND MODERN INFORMANT
FRAMED AND COVER UP, THE SPECIAL AGENTS KENNETH KAISER
IS BEEN PREVENT ANY ONE, TO SHAMEFULLY EXPOSED THE STILL
GOING ON F.B.I CORRUPTION IN MY CASE THE HOLD EVIDENCE THAN
CAN RE RELEASE, I WAS FRAMED BY JUAN COLMILLY

SIGNATURE OF PLAINTIFF X _____    DATE 4/10/05

**PART 5**
MEDIATION: Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☑ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6**
MILITARY AFFIDAVIT: The plaintiff states under the pains and penalties of perjury that the:

☑ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

X _____    DATE 4/10/05
SIGNATURE OF PLAINTIFF

**NOTICE OF TRIAL**

NOTICE TO DEFENDANT:
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT
Western Div Hsg Court
37 Elm Street
Springfield, Ma 01102

DATE AND TIME OF TRIAL
5-25-05    AT    10:00
DATE    TIME
ROOM NO.

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

COURT USE ONLY ◄

COURT COPY

| FIRST JUSTICE William H Abrashkin | CLERK-MAGISTRATE OR DESIGNEE robert G Fields |
|---|---|

INSTRUCTIONS FOR FILING A SMALL CLAIM — You must complete Parts 1-6 of this form. See instructions on reverse.

DC-SC-1 (01/02)    ATENCION: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.