```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

DAN MEDINA,                          )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )    No.  05cv30120
                                     )
ROBERT S. MUELLER, III, et al.       )
                                     )
     Defendants.                     )
                                     )
```

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

The defendant, Robert S. Mueller, III, Director of the Federal Bureau of Investigation ("FBI"), submits this memorandum of law in support of his motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

**STATEMENT OF FACTS**

The plaintiff alleges a virtually incomprehensible array of complaints against FBI Director Robert S. Mueller, III and Hampden County Assistant Clerk Laura Gentile.[1]  Quoting from the lawsuit, the plaintiff alleges:

> Defendants is responsible for fairness and
> justice in the Boston F.B.I. is been the
> great Babylon" the mother of all prostitutes
> and the abomination of Mass.  Who sleeping in

---

[1] The action initially was filed in state housing court, small claims session, in Springfield, Massachusetts, along with three other lawsuits naming federal and state defendants and a number of lawsuits naming state defendants only.  The complaints naming federal defendants were removed to this court and now bear the following captions:  United States v. Tauro, 05-30119-RGS; United States v. Gonzales, 05-30121; United States v. Wolf, 05-30118; and United States v. Mueller, 05-30120.

> bed for 23 years with the New England organized crime and mobster informant framed and cover up, the special agents Kenneth Kaiser is been prevent anyone, to shamefully exposed the still going on F.B.I. corruption in my case the hold evidence than can release.  I was framed by John Connolly.

**ARGUMENT**

I.   **THE STANDARD APPLICABLE TO DISMISSAL**

A complaint should be dismissed when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976).  While the court must accept the allegations of the complaint as true, Hughes v. Rowe, 449 U.S. 5, 10 (1980), conclusory, vague or general allegations are insufficient.  See, e.g., Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982); Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir. 1977).  Therefore, dismissal is appropriate where a complaint appears to state only frivolous or wholly insubstantial claims. Parratt v. Taylor, 451 U.S. 527, 532 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

II.  **The Court Lacks Subject Matter Jurisdiction**

The complaint should be dismissed for a lack of subject matter jurisdiction because the plaintiff has not and cannot identify an applicable waiver of sovereign immunity.  No action lies against the United States or its employees unless Congress

2

has authorized it.  See Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996); United States v. Testan, 424 U.S. 392, 399 (1976).  A court has subject matter jurisdiction over claims against the United States and its agents only where there is a grant of jurisdiction over the subject area and a valid waiver of sovereign immunity.  Massachusetts v. Departmental Grant Appeals Board, 815 F.2d 778, 785 (1st Cir. 1987).

"[T]he party claiming that a court has the power to grant the relief in his behalf has the burden of persuasion on the jurisdictional issue."  Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 612 n.28 (1979).  While the court is obliged to construe a pro se plaintiff's pleadings liberally, "pro se status does not insulate a party from complying with procedural and substantive law."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  "The Constitution does not require judges--or agencies, for that matter--to take up the slack when a party elects to represent himself."  Eagle Eye Fishing Corp. v. U.S. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

Even the most liberal reading of the complaint against FBI Director Mueller fails to reveal any facts that would support jurisdiction.  Therefore, the action must be dismissed.[2]

---

[2] To the extent the plaintiff alleges a tort, the action must be dismissed because the plaintiff failed to file the requisite administrative claim under the Federal Tort Claims Act ("FTCA").  The FTCA immunizes federal employees from lawsuits based on

### III. Any Individual Capacity Complaints Should Be Dismissed

To the extent the plaintiff asserts constitutional claims against Mueller in his individual capacity, the complaint similarly fails. An individual capacity suit against a federal official must be based on allegations of direct liability. "Respondeat superior is not a viable theory of Bivens liability." Rivera v. Riley, 209 F.3d 124, 28 (1st Cir. 2000). See generally Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) (establishing a common law right of action for constitutional violations committed by federal employees). Since the complaint is based solely on Mueller's role as the FBI director, it fails to state a claim of individual liability.

### IV. The Complaint Fails To Satisfy Rule 8 and is Frivolous

The complaint also should be dismissed because it fails to satisfy Fed. R. Civ. P. 8(a)(2) and is otherwise insubstantial and frivolous.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Even pro se plaintiffs must comply. See Chongris v. Board of Appeals, 811 F.2d, 36, 37 (1st Cir. 1987). The purpose of notice pleading is to facilitate a proper decision on the merits. Boston & Maine

---

actions taken within the scope of their employment. Aversa v. United States, 99 F.3d 1200, 1207 (1st Cir. 1996).

Corp. v. Hampton, 987 F.2d 855, 865 (1st Cir. 1993)(citing Conley v. Gibson, 355 U.S. 41, 48 (1957)).  A complaint must provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley, 355 U.S. at 47.  Fair notice is notice that allows defendants to identify the claim against them and defenses applicable to it, to answer and prepare for trial.  See Brown v. Califano, 75 F.R.D. 497, 498-9 (D. D.C. 1977).  In addition to promoting fairness, the notice pleading requirement combats the rising costs of litigation by "requiring some specificity before permitting a claimant 'to drag a defendant past the pleading threshold.'"  Boston & Maine Corp., 987 F.2d at 865 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).  The plaintiff's complaint fails to meet even the minimal pleading threshold of Rule 8.

Moreover, the complaint should be dismissed because the claims are "factually frivolous."  Denton v. Hernandez, 504 U.S. 25 (1992).  A frivolous action is one that "lacks an arguable basis in law or in fact, one that contains either "inarguable" legal conclusions or "clearly baseless," "fanciful," or "delusional"  factual allegations. Nietze v. Williams, 490 U.S. 319, 325 n.6 (1989); Bell v. Hood, 327 U.S. 678, 683 (1946).  See also Wyatt v. Boston, 35 F.3d 13, 15 (1st Cir. 1994) (dismissal is warranted if it is "patently obvious" that plaintiff could not

prevail). Even a pro se plaintiff must set forth "factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Gooley v. Mobil Oil Corp</u>., 851 F.2d 513, 515 (1st Cir. 1988).

The instant lawsuit fails to allege either facts or an actionable legal theory.  Therefore, the complaint fails to state a claim and must be dismissed.  <u>See</u> <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)(insubstantial lawsuits against the government should be quickly terminated "to ensure that federal officials are not harassed by frivolous lawsuits.").

<u>**CONCLUSION**</u>

For the foregoing reasons, the defendant respectfully requests that the court dismiss the complaint.

```
                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

Dated: June 10, 2005                 /s/Karen L. Goodwin
                              By:   _____
                                    KAREN L. GOODWIN
                                    Assistant U.S. Attorney
                                    1550 Main Street
                                    Springfield, MA 01103
                                    (413) 785-0235
```

CERTIFICATE OF SERVICE

  This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

       Dan Medina
       P.O. Box 100
      S. Walpole, MA 02071

      Christopher O. Quaye
      Administrative Attorney
     Commonwealth of Massachusetts
    Administrative Office of the Trial Courts
       Two Center Plaza
       Boston, MA 02108

         /s/Karen L. Goodwin
         _____
         Karen L. Goodwin
         Assistant U.S. Attorney